UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

Ian Vasquetelles, *on behalf of himself and others
similarly situated in the proposed FLSA
Collective Action,*

                     *Plaintiff,*

            *- against -*

LHCSA Home Health Holdings, LLC, LHCSA
Management LLC, and Honor Health Network,
LLC,

                    *Defendants.*
-------------------------------------------------------------X

Case No.:

**Jury Trial Demanded**

**COMPLAINT**

       Plaintiff Ian Vasquetelles ("Plaintiff" or "Vasquetelles"), on behalf of himself and others

similarly situated, by and through the undersigned counsel, Levin-Epstein & Associates, P.C.,

upon personal knowledge as to himself and upon information and belief as to others, brings this

complaint against Defendants LHCSA Home Health Holdings, LLC, LHCSA Management LLC,

and Honor Health Network, LLC (collectively, the "Corporate Defendants", or the "Defendants")

and states as follows:

### NATURE OF THE ACTION

       1.    Defendants own, operate, and control a network of home health care service

providers, including, *inter alia*: (i) Hand-In-Hand Home Care; (ii) Angels On Call; (iii) VMT

Home Health Agency; (iv) All Health Home Care; (v) Quality NY Health care;

(vi)FamilyCARES!; and (vii) All at Home.[1]

       2.    With at least nineteen (19)[2] corporate locations in the northeastern United States,

---

[1]*See* https://honorhealthnetwork.com/ (last accessed April 29, 2022).
[2]*See* http://hhnetwork.wpengine.com/contact/ (last accessed April 29, 2022); *see also* https://honorhealthnetwork.com/ (last accessed April 29, 2022) ("Honor Health Network is a growing dynamic company operating the most respected home health care agencies from NY to Washington, D.C.").

Defendants pride themselves on offering "[a]ffordable home care [that] costs less per hour than it would to send a senior to a senior facility or nursing home."[3]

3.      To accomplish their business goals, Defendants employ an illegal policy and practice commonly known as "time shaving". Specifically, although Plaintiff was responsible for clocking himself in, Defendants would require Plaintiff, and other similarly situated employees, to clock-out at the end of their workday at 1:00 p.m. or 2:00 p.m. every day.

4.      Although Plaintiff invariably worked past 1:00 p.m. or 2:00 p.m., as set forth more fully below, Plaintiff was not compensated for *any* work performed during this time.

5.      As a result, Defendants failed to pay their home health aides, including Plaintiff, legally required wages under the FLSA and NYLL, including minimum wage and overtime.

6.      Plaintiff brings this lawsuit seeking recovery, for himself and all other similarly situated individuals, against Defendants' violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and violations of Articles 6 and 19 of the New York State Labor Law ("NYLL") and their supporting New York State Department of Labor regulations.

7.      Plaintiff seeks injunctive and declaratory relief and to recover unpaid minimum wages, overtime wages, liquidated and statutory damages, pre- and post-judgment interest, and attorneys' fees and costs pursuant to the FLSA, NYLL, and the NYLL's Wage Theft Prevention Act ("WTPA").

## JURISDICTION AND VENUE

8.      The Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216 (b), 28 U.S.C. § 1331 and 28 U.S.C. § 1337, and has supplemental jurisdiction over Plaintiff's claims under the NYLL pursuant to 28 U.S.C. § 1367(a).

---

[3] *See* https://handinhandhc.com/ (last accessed April 29, 2022).

9.      This Court has federal question jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 because his claims arise under the FLSA.

10.      Venue is proper in the Southern District of New York under 28 U.S.C. § 1391(b) and (c), because all events relevant to this action occurred in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

**PLAINTIFF IAN VASQUETELLES**

11.      Plaintiff Vasquetelles is a resident of Bronx, New York.

12.      Plaintiff Vasquetelles worked as a home health aide for Defendants' home health care service known as Hand-in-Hand Home Health Care ("Hand-in-Hand").

13.      Plaintiff Vasquetelles was employed as a non-managerial employee at Hand-in-Hand from on or around July 2020.

14.      At all relevant times, Plaintiff has been an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

**DEFENDANT LHCSA HOME HEALTH HOLDINGS, LLC**

15.      Upon information and belief, Defendant LHCSA Home Health Holdings, LLC is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains a principal place of business at 329 East 149th Street, 3rd Floor Bronx, NY 10451, and alternate addresses at 100 Challenger Road, Ridgefield Park, NJ 07660, and 4813 Jonestown Road, Suite 201, Harrisburg, PA 17109-1749.

16.      At all times relevant to this Complaint, Defendant LHCSA Home Health Holdings, LLC: (i) has had and continues to have employees engaged in commerce or in the production of goods and services for commerce and handling, selling, or otherwise working on goods or

materials that have been moved in or produced for commerce by any person and (ii) has had and continues to have an annual gross volume of sales of not less than $500,000.00.

17.    At all times relevant to this Complaint, Defendant LHCSA Home Health Holdings, LLC was and is a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and, at all times relevant to this Complaint, employed employees, including Plaintiff.

18.    At all times relevant to this Complaint, Defendant LHCSA Home Health Holdings, LLC was and is an employer within the meaning of the 29 U.S.C. 201 *et seq.* and NYLL Section 190(3), and employed employees, including Plaintiff.

19.    Defendant LHCSA Home Health Holdings, LLC possessed substantial control over Plaintiff's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff, and all similarly situated individuals, referred to herein.

20.    Defendant LHCSA Home Health Holdings, LLC had the power to hire and fire Plaintiff, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiff's services.

**DEFENDANT LHCSA MANAGEMENT LLC**

21.    Upon information and belief, Defendant LHCSA Management LLC  is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains a principal place of business at 329 East 149th Street, 3rd Floor Bronx, NY 10451, and alternate addresses at 100 Challenger Road, Ridgefield Park, NJ 07660, and 4813 Jonestown Road, Suite 201, Harrisburg, PA 17109-1749.

22.    At all times relevant to this Complaint, Defendant LHCSA Management LLC : (i) has had and continues to have employees engaged in commerce or in the production of goods and

services for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and (ii) has had and continues to have an annual gross volume of sales of not less than $500,000.00.

23.    At all times relevant to this Complaint, Defendant LHCSA Management LLC  was and is a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and, at all times relevant to this Complaint, employed employees, including Plaintiff.

24.    At all times relevant to this Complaint, Defendant LHCSA Management LLC  was and is an employer within the meaning of the 29 U.S.C. 201 *et seq.* and NYLL Section 190(3), and employed employees, including Plaintiff.

25.    Defendant LHCSA Management LLC   possessed substantial control over Plaintiff's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff, and all similarly situated individuals, referred to herein.

26.    Defendant LHCSA Management LLC  had the power to hire and fire Plaintiff, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiff's services.

**DEFENDANT HONOR HEALTH NETWORK, LLC**

27.    Upon information and belief, Defendant Honor Health Network, LLC is a foreign corporation organized and existing under the laws of the State of Delaware. Upon information and belief, it maintains a principal place of business at 329 East 149th Street, 3rd Floor Bronx, NY 10451, and alternate addresses at 100 Challenger Road, Ridgefield Park, NJ 07660, and 4813 Jonestown Road, Suite 201, Harrisburg, PA 17109-1749.

28.    At all times relevant to this Complaint, Defendant Honor Health Network, LLC:

(i) has had and continues to have employees engaged in commerce or in the production of goods and services for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and (ii) has had and continues to have an annual gross volume of sales of not less than $500,000.00.

29.     At all times relevant to this Complaint, Defendant Honor Health Network, LLC was and is a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and, at all times relevant to this Complaint, employed employees, including Plaintiff.

30.     At all times relevant to this Complaint, Defendant Honor Health Network, LLC was and is an employer within the meaning of the 29 U.S.C. 201 *et seq.* and NYLL Section 190(3), and employed employees, including Plaintiff.

31.     Defendant Honor Health Network, LLC possessed substantial control over Plaintiff's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff, and all similarly situated individuals, referred to herein.

32.     Defendant Honor Health Network, LLC had the power to hire and fire Plaintiff, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiff's services.


**DEFENDANTS CONSTITUTE JOINT EMPLOYERS**

33.     Defendants own, operate and/or control home health care service known as Hand-in-Hand Home Health Care (*i.e.,* Hand-in-Hand).

34.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the

employees.

35.     Each Defendant possessed substantial control over Plaintiff's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff, and all similarly situated individuals, referred to herein.

36.     Defendants jointly employed Plaintiff, and all similarly situated individuals, and are Plaintiff's (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

37.     In the alternative, Defendants constitute a single employer of Plaintiff and/or similarly situated individuals.

38.     At all relevant times, Defendants were Plaintiff's employers within the meaning of the FLSA and NYLL.

39.     Defendants had the power to hire and fire Plaintiff, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiff's services.

**FACTUAL ALLEGATIONS**

40.     Plaintiff and other similarly situated individuals are individuals who have worked for Defendants in similarly-titled, hourly paid position, during the statutory period.

41.     Plaintiff and other similarly situated individuals all shared similar job titles, training, job descriptions and job tasks, during the statutory period.

42.     Plaintiff was an employee of Defendants.

43.     Plaintiff worked as a home health aide at Hand-in-Hand.

44.    Plaintiff's duties and responsibilities[4] as a home health aide included, *inter alia*: providing direct support to an elderly patient, assisting with administering medication, assisting with the maintenance of good personal hygiene (such as helping with bathing, dressing, and using the restroom), cooking and cleaning, assisting with daily household tasks, accompanying the patient to appointments (including physical therapy and doctor's appointments), accompanying the patient to errands, answering and returning phone calls, tending to emergencies, and being "on-call" as-needed.

45.    From approximately July 2020 to, through and including November 5, 2020, Plaintiff worked at Hand-in-Hand five (5) days per week as follows: Monday through Friday, 9:00 a.m. to 4:00 p.m. (*i.e.,* 7 hours per day), for a total period of approximately 35 hours during each of the weeks, respectively.

46.    On or around November 3, 2020, the elderly patient Plaintiff was attending to underwent a knee replacement emergency.

47.    From approximately November 6, 2020, to, through and including March 6, 2021, the elderly patient Plaintiff was attending to required physical therapy two (2) days per week.

48.    From approximately November 6, 2020 to, through and including March 6, 2021, Plaintiff worked at Hand-in-Hand five (5) days per week as follows: Monday, Wednesday, Friday, 9:00 a.m. to 4:00 p.m. (*i.e.,* 7 hours per day), and Tuesday and Thursday, 9:00 a.m. to 7:00 p.m. (*i.e.,* an average of 10 hours per day), for a total of approximately, for a total period of

---

[4] *See, e.g.*: https://honorhealthnetwork.com/our-care-services/ (last accessed April 29, 2022) ("Our services include but are not limited to: Activities of Daily Living: Companionship, Walking and transferring, Bathing and showering, Personal grooming, Menu planning & meal preparation, Dressing assistance, Skin care, Helping with dietary constraints. Light Housekeeping: Vacuuming, Dusting and sweeping, Helping maintain an overall tidy home, Light Laundry, Dishes and kitchen clean up, Changing bed linens. Transportation & Errands: Doctor's appointments, Grocery shopping, Personal care appointments, Errands, Leisure activities & entertainment.")

approximately 41 hours during each of the weeks, respectively.

49.     From approximately March 7, 2021 to, through and including May 7, 2021, Plaintiff worked at Hand-in-Hand five (5) days per week as follows: Monday, Wednesday, Friday, 9:00 a.m. to 4:00 p.m. (*i.e.,* 7 hours per day), and Tuesday and Thursday, 9:00 a.m. to 7:00 p.m. (*i.e.,* an average of 10 hours per day), for a total of approximately, for a total period of approximately 41 hours during each of the weeks, respectively.

50.     On or around May 5, 2020, the elderly patient Plaintiff was attending to underwent a second knee replacement emergency.

51.     From approximately May 8, 2020, to, through and including March 3, 2022, the elderly patient Plaintiff was attending to required physical therapy two (2) days per week.

52.     From approximately May 8, 2020, to, through and including March 3, 2022, Plaintiff worked at Hand-in-Hand five (5) days per week as follows: Monday, Wednesday, Friday, 9:00 a.m. to 4:00 p.m. (*i.e.,* 7 hours per day), and Tuesday and Thursday, 9:00 a.m. to 7:00 p.m. (*i.e.,* an average of 10 hours per day), for a total of approximately, for a total period of approximately 41 hours during each of the weeks, respectively.

53.     From approximately July 2020, Defendants paid Plaintiff an hourly rate of $15 per hour.

54.     At all times relevant herein, Defendants had a policy and practice commonly known as "time shaving". Specifically, although Plaintiff was responsible for clocking himself in, Defendants would require Plaintiff, and other similarly situated employees, to clock-out at the end of their workday at 1:00 p.m. or 2:00 p.m. every day.

55.     Thus, Plaintiff invariably worked past 1:00 p.m. or 2:00 p.m., as set forth above, but was not compensated for *any* work performed during this time.

56.     Plaintiff confronted Defendants regarding this illegal time shaving policy on multiple occasions.

57.     Whenever confronted, Defendants attempted to justify their illegal time shaving policy by shifting the blame to third-party insurance companies.

58.     Plaintiff regularly worked for the Defendants in excess of forty (40) hours a week but never received an overtime premium of one and one-half times his regular rate of pay for those hours.

59.     No notification, either in the form of posted notices, or other means, was ever given to Plaintiff regarding wages are required under the FLSA or NYLL.

60.     Defendants did not provide Plaintiff a statement of wages, as required by NYLL 195(3).

61.     Defendants did not give any notice to Plaintiff, in English, of his rate of pay, employer's regular pay day, and such other information as required by NYLL § 195(1).

62.     At all relevant times, Defendants did not pay Plaintiff at the rate of one and one-half times his hourly wage rate for hours worked in excess of forty per workweek.

## FLSA COLLECTIVE ACTION ALLEGATIONS

63.     Plaintiff brings the First and Second Claims for Relief as a collective action pursuant to FLSA §16(b), 29 U.S.C. §216(b), on behalf of all non-exempt persons (including but not limited to home health aides) employed by Defendants on or after the date that is three years before filing of the Complaint in this case, as defined herein ("FLSA Collective Plaintiffs").

64.     At all relevant times, Plaintiff and FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices,

procedures, protocols, routines and rules willfully failing and refusing to pay them at the legally required overtime wage for all hours worked in excess of forty hours per work week. These claims of the Plaintiff are essentially the same as those of the FLSA Collective Plaintiffs.

65.     The First and Second Claims for Relief are properly brought under and maintained as an opt-in collective action pursuant to under FLSA §16(b), 29 U.S.C. §216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and others related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants

66.     Plaintiff reserves the right to re-define the FLSA Collective Plaintiffs prior to notice or collective certification, and thereafter, as necessary.

## FIRST CLAIM
### (FLSA – Unpaid Minimum Wages, 29 U.S.C. § 201 *et seq*.)

67.     Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

68.     Defendants willfully and intentionally failed to compensate the Plaintiff with the applicable minimum hourly wage in violation of the FLSA, 29 U.S. Code § 206.

69.     Defendants have failed to make a good faith effort to comply with the FLSA with respect to compensation of Plaintiff.

70.     Due to Defendants' violations of the FLSA, Plaintiff, on behalf of himself and FLSA Collective Plaintiffs, is entitled to recover from Defendants, jointly and severally, their unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, pursuant to the FLSA, all in an amount to be determined at trial. 29 U.S.C. § 216(b).

**SECOND CLAIM**
**(FLSA – Unpaid Overtime Wages, 29 U.S.C. §§ 201 *et seq*.)**

71.     Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

72.     At all relevant times to this action, Plaintiff is a covered, non-exempt employee within the meaning of the FLSA.

73.     Defendants were required to pay Plaintiff one and one-half (1 1/2) times the regular rate at which Plaintiff was employed for all hours worked in excess of forty hours in a workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207, et seq.

74.     Defendants failed to pay Plaintiff the overtime wages to which he is entitled under the FLSA.

75.     Defendants willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiff overtime wages.

76.     Due to Defendants' willful violations of the FLSA, Plaintiff, on behalf of himself and FLSA Collective Plaintiffs, is entitled to recover his unpaid overtime wages, liquidated damages, reasonable attorney's fees and cost of the action and pre-judgment and post-judgment interest.

**THIRD CLAIM**
**(NYLL – Unpaid Minimum Wages, N.Y. Stat. § 650 *et seq*.)**

77.     Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

78.     Defendants willfully and intentionally failed to compensate the Plaintiff with the applicable minimum hourly wage in violation of the NYLL §650 et seq.

79.     Defendants have failed to make a good faith effort to comply with the NYLL with

respect to compensation of Plaintiff.

80.     Due to Defendants' violations of the NYLL, Plaintiff, on behalf of himself and FLSA Collective Plaintiffs, is entitled to recover from Defendants, jointly and severally, their unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, in an amount to be determined at trial, pursuant to the NYLL § 663.

## FOURTH CLAIM
### (NYLL – Unpaid Overtime Wages)

81.     Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

82.     Plaintiff is covered, non-exempt employee within the meaning of the NYLL and supporting New York Department of Labor ("NYDOL") Regulations.

83.     Under the NYLL and supporting NYDOL Regulations, Defendants are required to pay Plaintiff one and one half times the regular rate of pay, which shall not be less than the minimum wage, for all hours they worked in excess of forty.

84.     Defendants failed to pay Plaintiff the overtime wages to which he is entitled under the NYLL.

85.     Defendants willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiff overtime wages.

86.     Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover his unpaid overtime wages, liquidated damages, reasonable attorney's fees and cost of the action and pre-judgment and post-judgment interest.

## FIFTH CLAIM
### (NYLL WTPA– Failure to Provide Wage Notices)

87.     Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

88.     The NYLL and the WTPA require employers to provide all employees with a written notice of wage rates at the time of hire.

89.     In violation of NYLL §195 (1), Defendants failed to furnish to Plaintiff at the time of hiring, or whenever their rate(s) of pay changed, with a wage notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other, allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL §191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address, if different; the telephone number of the employer, and anything otherwise required by law.

90.     Due to Defendants' violations of NYLL §195 (1), Plaintiff is entitled to recover her liquidated damages, reasonable attorney's fees and cost and disbursement of the action, pursuant to the NYLL § 198 (1-b).

### SIXTH CLAIM
### (Violation of the Wage Statement Provisions of the NYLL)

91.     Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

92.     With each payment of wages, Defendants failed to provide Plaintiff with a statement listing each of the following the dates of work covered by the payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; the number of

14

regular hours worked; the number of overtime hours worked, as required by the NYLL § 195(3).

93.     As a result of Defendant's violation of the WTPA, Plaintiff is entitled to damages of at least $150 per week during which the violations occurred.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and FLSA Collective Plaintiffs, respectfully requests that this Court enter a judgment:

a.     authorizing Plaintiff at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendants as nonexempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied minimum wages and premium overtime wages;

b.     certification of this case as a collective action pursuant to the FLSA;

c.     issuance of notice pursuant to 29 U.S.C. § 216(b), to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and his counsel to represent the FLSA Collective Plaintiffs;

d.     declaring that Defendants violated the minimum wage provisions of the FLSA, the NYLL and the NYDOL regulations;

e.     declaring that Defendants violated the overtime wage provisions of the FLSA, the NYLL and the NYDOL regulations;

f.     declaring that Defendants violated the notice statement pay provisions of the NYLL and WTPA;

g.     awarding Plaintiff unpaid minimum wages;

h.     awarding Plaintiff unpaid overtime wages;

i.     awarding Plaintiff liquidated damages in an amount equal to the total amount of

wages found to be due;

j.      awarding Plaintiff statutory damages as a result of Defendants' failure to furnish accurate wage notice pursuant to the NYLL;

k.      awarding Plaintiff pre- and post-judgment interest under the NYLL;

l.      awarding Plaintiff reasonable attorneys' fees and the costs and disbursements of this action; and

m.      Such other relief as this Court deems just and proper.

Dated: New York, New York
       April 29, 2022                        Respectfully submitted,


                                     By:  /s/ Joshua Levin-Epstein
                                          Joshua Levin-Epstein
                                          Jason Mizrahi
                                          Levin-Epstein & Associates, P.C.
                                          60 East 42nd Street, Suite 4700
                                          New York, New York 10165
                                          Tel: (212) 792-0046
                                          Email: Joshua@levinepstein.com
                                          *Attorneys for the Plaintiff and proposed FLSA Collection Action Plaintiffs*